IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JIM ROBERT KENDEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-cv-00677-MDH-SSA |
| | ) | |
| NANCY A. BERRYHILL[1], | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of his application for Social Security Disability Insurance (SSDI) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* Plaintiff has exhausted his administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the files and records, the Court finds the decision of the Commissioner is not supported by substantial evidence in the record as a whole and the decision is **REVERSED and REMANDED**.

## I. STANDARD OF REVIEW

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. Nancy A. Berryhill became the new Acting Commissioner of Social Security on January 23, 2017.

1

U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007). "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009) (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. The ALJ found Plaintiff suffered from the following severe impairments: osteoarthritis of the knees, meniscal tears in the left knee, obesity, and idiopathic peripheral neuropathy. After finding Plaintiff's impairments did not meet or equal a listed impairment, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"):

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) in that he can lift, carry, push and/or pull 10 pounds occasionally and less than 10 pounds frequently; he can stand and/or walk 2 hours in a typical 8-hour workday; and he can sit 6 hours in a typical 8-hour workday. However, he should be able to use a cane for standing and walking. He can occasionally stoop, balance, kneel, crouch, crawl, and climb ramps and stairs; but he should never climb ladders, ropes or scaffolds. In addition, he should have only rare exposure to hazards.

The ALJ concluded that Plaintiff is able to perform past relevant work and is not disabled. The ALJ further found that Plaintiff can perform jobs that exist in significant numbers in the national economy, including representative occupations of telephone solicitor and customer order clerk. Plaintiff argues on appeal that the ALJ's determination is not supported by substantial evidence in the record and that the ALJ did not apply the appropriate legal standards.

## DISCUSSION

After full and careful review of the record and briefs, the Court reverses and remands the case to the ALJ for the reasons set forth herein.

### Medical Opinion Evidence

Plaintiff objects to the ALJ's decision to give only partial weight to the opinion of Nurse Practitioner Danyell Kerns and partial weight to opinions reflected by Dr. Nanda Kumar's suggestion that Plaintiff apply for disability.

The ALJ gave only partial weight to Ms. Kerns's medical source statement because the evidence did not support the limitations she set forth. For example, Ms. Kerns limited Plaintiff to sitting no more than 30 minutes at a time and less than two hours in a workday. She also advised that Plaintiff would need to elevate his legs for roughly 20% of an eight-hour workday. Furthermore, Ms. Kerns concluded that Plaintiff would be off-task roughly 20% of the time during a workday and would be absent from work more than four days per month. In taking Plaintiff's day-to-day activities into consideration, along with the medical evidence available, the ALJ found no evidence to support limitations such as these.

However, the ALJ did not address an important element of Ms. Kerns's evaluation: Plaintiff may occasionally balance, rarely twist, and he may *never* stoop, crouch, crawl, or climb. The ALJ obviously rejected Ms. Kerns's conclusion that Plaintiff may never stoop, crouch,

crawl, or climb, because the ALJ's RFC finding indicated that Plaintiff could do each of these occasionally. But there is no explanation for this rejection and the Commissioner fails to provide one in her own briefing — the Court could not give much credence to an after-the-fact justification provided by the Commissioner, but the Commissioner's inability to explain this failure gives the Court further pause.

The Social Security Administration has indicated that the ability to stoop is almost fundamental to any job, even those that are sedentary in nature:

> The ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations. A *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply. . . .

SSR 96-9p (emphasis in original). Given that Plaintiff's weight exceeds 500 pounds and he needs a cane to stand and walk, the Court concludes that completely ignoring Ms. Kerns's conclusion regarding Plaintiff's ability to stoop, crouch, drawl, or climb was inappropriate. The ALJ makes no citation to the record explaining her finding that Plaintiff can occasionally stoop. The Court can only speculate as to the reasons for this finding and the decision to reject Ms. Kerns's opinion on the matter. While the Court agrees that some aspects of Ms. Kerns's opinion were not credible, that does not justify throwing out the entirety of her opinion, especially where the ALJ explicitly stated that she gave partial weight to Ms. Kerns's opinions. The Court concludes that this failure was itself reversible error and need not address the remainder of Plaintiff's objections to the ALJ's findings. However, the Court encourages the Commissioner to take into consideration all of Plaintiff's objections to the ALJ's findings, particularly the matters concerning Plaintiff's past relevant work and his ability to perform other work.

## CONCLUSION

The Court finds the Commissioner's decision is not supported by substantial evidence in the record as a whole. Therefore, the Commissioner's denial of benefits is hereby **REVERSED and REMANDED**.

**IT IS SO ORDERED**.
Dated: July 9, 2018                                        */s/ Douglas Harpool*
                                                                   **DOUGLAS HARPOOL**
                                                                   **UNITED STATES DISTRICT JUDGE**